UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO CORP. *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 00-2865 (JMF) |
| YVONNE GIPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO HOME )<br>MORTGAGE, INC. )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-1184 (JMF) |

**SCHEDULING ORDER**

This matter having come before the Court for an initial status conference and having considered the requests of the parties, this Court[1] issues the following scheduling order. It is hereby,

---

[1] The parties have consented to a referral of this case to a Magistrate Judge for all purposes including trial.

1

**ORDERED** that the parties shall comply will the following directives:

1) Each party is limited to a maximum of 10 depositions and 25 interrogatories.

2) Any dispositive motions or cross-motions are to be filed by July 17, 2006, oppositions to said motions or cross-motions are to be filed by September 5, 2006, and any replies are to be filed by September 20, 2006.

3) The parties are to make expert disclosures as required by Fed R. Civ. P. 26(a)(2).

4) All discovery shall begin November 1, 2005 and shall be completed by June 1, 2006.

5) A status conference is not set at this time.

6) A pretrial conference in this matter will be set for October 16, 2006 at 10:00 a.m. Three weeks in advance of the Pretrial Conference, counsel are required to meet and prepare a Joint Pretrial Statement, in accordance with Local Rule 16.4 and the Pretrial Procedures Order which the parties shall receive prior to the Pretrial conference. This Order will give explicit direction on preparation of the Joint Pretrial Statement, which is required to be delivered to chambers not less than eleven (11) days prior to the conference.

7) The trial will be set for November 6, 2006, with an estimated length of 5 days.

The parties should be aware that all pleadings should contain my initials on the right hand portion of the caption. Additionally, any motions that do not comply with Local Rule 7.1(c) or (m) shall be immediately stricken. Finally, counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, counsel shall arrange a brief telephone conference with the Court by contacting chambers. Counsel shall not file a discovery motion without following the procedures set forth in this paragraph. If the Court is called upon to resolve a discovery dispute

and the Court determines that good faith efforts could have resulted in a resolution of the matter without Court intervention, the Court may consider sanctions pursuant to Fed. R. Civ. P. 37.

Dates in this Order are firm and may only be altered by the Court under compelling circumstances.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: