# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YVONNE GIPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 00-2865 (JMF) |
| YVONNE GIPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 05-1184 (JMF) |

## MEMORANDUM ORDER

These cases were referred to me, upon the consent of the parties, for all purposes including trial. Currently pending before me for resolution is the issue of whether defendants *Wells Fargo Corporation* and *Wells Fargo & Company* should be dismissed from these consolidated cases. For the reasons stated below, I find that both *Wells Fargo Corporation* and *Wells Fargo & Company* should be dismissed.

## DISCUSSION

On November 29, 2000, plaintiff filed Civil Action No. 00-2865 against only *Wells

*Fargo Corporation* alleging race, sex, and age discrimination in employment. *Wells Fargo Corporation* filed a motion to dismiss, in part, on the ground that plaintiff sued the wrong entity, specifically, that plaintiff should have brought the action against her employer, *Wells Fargo Home Mortgage, Inc.*, rather than *Wells Fargo Corporation*. Accordingly, plaintiff filed an Amended Complaint, adding as defendant not only *Wells Fargo Home Mortgage, Inc.*, but also *Norwest Mortgage, Inc.* and *Wells Fargo & Company*. On May 25, 2005, plaintiff had filed Civil Action No. 05-1184 against *Wells Fargo Home Mortgage, Inc.*

On August 18, 2005, I denied *Wells Fargo Corporation's* motion dismiss Civil Action No. 00-2865 on the ground that plaintiff had amended her complaint to add as defendants *Wells Fargo Home Mortgage, Inc.*, *Norwest Mortgage, Inc.*, and *Wells Fargo & Company* and that the amended complaint related back to the date of plaintiff's initial complaint. However, I dismissed *Norwest Mortgage, Inc*. because that entity no longer existed. In order to determine who the proper defendant(s) should be, I ordered plaintiff to show cause why *Wells Fargo Corporation* and *Wells Fargo & Company* should not also be dismissed as defendants, leaving only her former employer, *Wells Fargo Home Mortgage, Inc.*

In the midst of the briefing on the issue of who the proper defendant(s) should be, Civil Action No. 00-2865 and Civil Action No. 05-1184 were consolidated. On September 8, 2005, plaintiff filed an amended complaint in Civil Action No. 05-1184 adding *Wells Fargo Bank, N.A.* and *Wells Fargo & Company* as defendants.

In response to the show cause order, plaintiff filed a brief in which she stated that she would not object to the dismissal of *Wells Fargo Corporation*, but that *Wells Fargo & Company* must remain a defendant. <u>Plaintiff's Response to the Court's Order of August 18, 2005</u> at 1.

Plaintiff explained that, based on information from defendants, *Wells Fargo Home Mortgage, Inc.,* is no longer an incorporated entity and, therefore, cannot be sued, but that it is unclear whether the unincorporated *Wells Fargo Home Mortgage* is now a part of *Wells Fargo Bank, N.A.* or a part of *Wells Fargo & Company*. Id. at 2-3.  Plaintiff expressed concern over dismissing *Wells Fargo & Company* as a defendant because it may have assets that could be levied upon to satisfy a judgment in her favor. Id. at 3.

In response, defendants filed a brief in which they asserted that the only proper defendant to either lawsuit is *Wells Fargo Bank, N.A.* because plaintiff's former employer, *Wells Fargo Home Mortgage, Inc.,* is no longer an incorporated entity and is now a division of *Wells Fargo Bank, N.A.* Defendant's Reply to Show-Cause Order at 2-3.  To assuage plaintiff's concerns regarding the ability to recover any judgment in her favor, defendants represented that *Wells Fargo Bank, N.A.* has sufficient assets to satisfy any such judgment. Id. at 3.

On September 20, 2005, plaintiff filed a reply brief agreeing with defendants' proposal to substitute *Wells Fargo Bank, N.A.* as the sole defendant in both Civil Action No. 00-2865 and Civil Action No. 05-1184. Plaintiff's Response to Defendants' Response to Show-Cause Order at 1.  Plaintiff conditioned her agreement, however, on defendants' representation that *Wells Fargo Bank, N.A.* has sufficient assets to satisfy any judgment obtained by plaintiff against it and the assumption that *Wells Fargo Bank, N.A.* has waived any opportunity to contest the adequacy of service. Id. at 1 n.1.

Because the parties appear to be in agreement that *Wells Fargo Bank, N.A.* should be the sole defendant in these consolidated cases, I find that both *Wells Fargo & Company* and *Wells Fargo Corporation* should dismissed and that *Wells Fargo Bank, N.A.* should be the sole

defendant in both cases.

## CONCLUSION

Accordingly, it is, hereby, **ORDERED** that

1. In Civil Action No. 05-1184, *Wells Fargo & Company* is **DISMISSED** without prejudice as defendant; and it is further **ORDERED** that

2. In Civil Action No. 00-2865, *Wells Fargo Corporation* and *Wells Fargo & Company* are **DISMISSED** without prejudice as defendants and *Wells Fargo Bank, N.A.* is substituted as party defendant.

This order is based on the representation that

1. *Wells Fargo Bank, N.A.* has sufficient assets to satisfy any judgment in plaintiff's favor; and

2. *Wells Fargo Bank, N.A.* has waived any right to contest the adequacy of plaintiff's service of process upon it.

**SO ORDERED.**

                                                              _____
                                                    JOHN M. FACCIOLA
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: